Judge Ewing
delivered the Opinion of the Court.
Blackwell, as paymaster of the seventh regiment, Kentucky militia, sued Irvin’s administrators in assumpsit, for money alleged to have been received by Irvin, in his lifetime, as paymaster of the same regiment. The defendents demurred to the declaration, and pleaded nonassumpsit. The demurrer was joined, and sustained by thp Court; and the Plaintiff has appealed to this Court.
We have scrutinized the declaration, and are satisfied that it contains all necessary and appropriate averments, not only to show the liability of the defendants, but to show the plaintiff’s right of action. The law gives .to the paymaster for the time being the custody of the funds of the regiment, and on the refusal of his administrators to pay over the amount to his successor in office, on proper demand, or on the order of the colonel commandant, they are surely liable to an action.
Nor can we doubt, but that the action of assumpsit is maintainable, notwithstanding the execution of a bond by their intestate, with sureties, for the faithful discharge of his duties as paymaster. The bond does not create his liability, no more than it does in the case of sheriffs. But it exists independent of the bond. 1 Marshall, 296.
Though technically speaking, the promise should be charged to have been made by the defendants to the plaintiff, yet if the person to whom the promise be made be omitted, it has been said that, it will be intended that the promise was made to the person from whom the consideration proceeded. 1 Chilly, 331.
*188 And it would require a less violent intendment, in this case, to construe the charge in the declaration, of indebtedness to the regiment, and a promise to pay, into a promise by implication, to the rightful keeper of the funds of the regiment, the plaintiff in the action.
It is therefore considered by the Court, that the judgment of the Circuit Court be reversed, and the cause remanded, that the demurrer may be overruled.